**Philip C SNYDER, Plaintiff–Appellant,**

v.

**CITY OF SEATTLE, a municipal corporation; Department of Housing and Human Services; Venerria Knox; Ron Knox, her husband and the marital community composed thereof, Defendants–Appellees.**

No. 00–35217.
D.C. No. CV 98–1740 BJR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 2001.

Decided Aug. 22, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

Before ALARCON, FERNANDEZ, and TASHIMA, Circuit Judges.

### MEMORANDUM *

Philip Snyder appeals the district court's grant of summary judgment in favor of Defendants on Snyder's breach of contract and wrongful termination claims. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, *Weiner v. San Diego County*, 210 F.3d 1025, 1028 (9th Cir.2000), and we affirm.

Summary judgment on Snyder's breach of contract claim was proper because none

of the employment rules that Defendants allegedly violated contains "promises that the employer will provide the employee specific treatment under specific circumstances or in specific situations." *Drobny v. Boeing Co.*, 80 Wash.App. 97, 907 P.2d 299, 302 (Wash.Ct.App.1995). Moreover, there is no evidence that any of the rules were violated.

Snyder's claim for wrongful termination in violation of public policy was never presented to the district court. "It is well-established that an appellate court will not consider issues that were not properly raised before the district court." *Slaven v. Am. Trading Trans. Co.*, 146 F.3d 1066, 1069 (9th Cir.1998). Because Snyder never presented his claim for wrongful termination in violation of public policy to the district court, we will not consider it.

In their briefs, Defendants argue that the district court erred in partially granting Snyder's motion for reconsideration of the summary judgment ruling, and they request relief from this court. We cannot grant their request, however, because the district court's ruling on Snyder's motion for reconsideration was never appealed by any party. *See* Fed. R.App. P. 3(a)(1).

The judgment of the district court is

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.